DAN SIEGEL, SBN 56400
JOSE LUIS FUENTES, SBN 192236
SIEGEL & YEE
499 14th St, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiff
JUVENTINO RODARTE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUVENTINO RODARTE,<br><br>Plaintiff,<br>vs.<br><br>ALAMEDA COUNTY, a public entity; GREGORY J. AHERN, Alameda County Sheriff sued in his individual capacity; RAYMOND P. KELLY, Alameda County Deputy Sheriff's Sergeant sued in his individual capacity; DEREK D. THOMS, Alameda County Deputy Sheriff, sued in his individual capacity.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of Fourth and Fourteenth Amendments: 42 U.S.C. § 1983 –for Unwarranted Seizure;<br>2. Violation of Fourth and Fourteenth Amendments: 42 U.S.C. § 1983 – Unnecessary, Disproportionate, and Excessive Force;<br>3. Violation of Fourth and Fourteenth Amendments: 42 U.S.C. § 1983 – Unlawful Arrest;<br>4. Violation of Fourth and Fourteenth Amendments: 42 U.S.C. § 1983 – Municipal and Supervisory Liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 648 (9th Cir. 1991);<br>5. Assault and Battery;<br>6. Intentional Infliction of Emotional Distress;<br>7. Violation of California Civil Code § 52.1 ("Tom Bane Civil Rights Act");<br>8. Negligence Per Se (California Code § 3342); and<br>9. Negligence (California Government Code §§ 820, 815.2).<br><br>**Jury Trial Demanded** |

Plaintiff JUVENTINO RODARTE brings this complaint against Defendants ALAMEDA COUNTY, a public entity; GREGORY J. AHERN, Alameda County Sheriff sued in his individual capacity; RAYMOND P. KELLY, Alameda County Deputy Sheriff's Sergeant sued in his individual capacity; DEREK D. THOMS, Alameda County Deputy Sheriff, sued in his individual capacity and hereby alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a) (3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution).

2. Venue is proper in the United State District Court for the Northern District of California, pursuant to 28 U.S.C. § 1391(b)(1) (Defendants are located in the Northern District of California) and § 1391(b)(2) (all of the acts and/or omissions complained of herein have occurred or will occur within the Northern District of California).

3. The Court has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(a).

**PARTIES**

4. Plaintiff JUVENTINO RODARTE ("RODARTE") is and was at all relevant times herein, a resident of the State of California, and a lawful resident in San Leandro, California, where the incident occurred.

5. Defendant ALAMEDA COUNTY ("COUNTY") is a public entity, operating under the laws of the State of California, which is responsible for all of the acts and omissions of the Alameda County Sheriff and all the Sheriff's deputies, agents and employees including those named herein.

6. Defendant GREGORY J. AHERN ("AHERN") is, and at all times relevant herein was, Alameda County Sheriff. In committing the acts and omissions described in this complaint, he was acting under color of law and within the course and scope of his employment. Defendant AHERN is sued in his individual capacity for the federal claims.

7. Defendant RAYMOND P. KELLY ("Sgt. KELLY"), Alameda County Sheriff's Sergeant is sued in his individual capacity for the federal claims. In committing the acts and omissions alleged in the complaint, KELLY was acting under color of law and within the course and scope of his employment as Sergeant and K-9 handler for the Alameda County Sheriff's Office.

8. Defendant DEREK D. THOMS ("THOMS"), Alameda County Sheriff's deputy, is sued in his individual capacity for the federal claims. In committing the acts and omissions alleged in the complaint, THOMS was acting under color of law and within the course and scope of his employment as a deputy sheriff and K-9 handler for the Alameda County Sheriff's Office.

**FACTUAL ALLEGATIONS**

9. On March 23, 2013, RODARTE legally resided at apartment #17, in San Leandro, California. The apartment complex is a secured rectangular building with two floors consisting of 20 apartments. There is a long hallway inside the first and second floor to access the individual apartments.

10. In the early morning of March 23, 2013, witness DANIEL FURTADO noticed a motion light come on outside the apartment complex where FURTADO and RODARTE reside in San Leandro, California.

11. FURTADO did not see anyone outside, but reported the incident to the police.

12. Defendant THOMS and his partner Deputy T. Nelson responded to FURTADO's call at about 2:21 AM, bringing service dog Zina with them. Defendant Sgt. KELLY and Deputy C. Kolos also responded to the call to assist.

13. Defendant THOMS deployed service dog Zina on a 6 foot lead. The deputies entered the secured apartment complex by a side gate where RODARTE lives.

14. The deputies cleared the parking garage and then entered the first floor of the apartment building. The deputies cleared the first floor.

15. Service dog Zina headed up a flight of approximately 15 stairs along with

Defendants Sgt. KELLY and deputy THOMS to the second floor.

16. Plaintiff RODARTE was at his apartment door with keys in hand on the second floor.

17. RODARTE's apartment door is approximately 56 feet from the alcove at the top of the second floor steps where service dog Zina first appeared.

18. RODARTE saw service dog Zina's face and the knee of a person.

19. RODARTE became paralyzed and frozen with fear as he concentrated on service dog Zina's face.

20. Defendant Sgt. KELLY told Defendant THOMS that RODARTE had a metal object in his hands.

21. Defendants Sgt. KELLY and Deputy THOMS initiated a field contact with RODARTE by commanding service dog Zina to apprehend RODARTE.

22. Defendants Sgt. KELLY and Deputy THOMS did not order service dog Zina "down" before she came into contact with RODARTE.

23. Service dog Zina immediately bit RODARTE.

24. RODARTE felt a bit on his left calf and lost consciousness.

25. Deputy Thomas M. Nelson placed handcuffs on RODARTE.

26. After RODARTE was in handcuffs, Defendant THOMS ordered service dog Zina to release her bite.

27. Once RODARTE was in custody, THOMS identified the object in RODARTE's hand as a set of house keys.

28. RODARTE was dragged outside of his apartment complex while unconscious and transported to Eden Medical Center.

29. At the moment of service dog Zina's attack, no crime had been committed or reported at RODARTE's apartment complex.

30. After the attack by service dog Zina, several deputies searched the parking lot; no vehicles appeared to have been broken into.

31. RODARTE was transported to Eden Medical Center by Paramedics Plus.

32. When RODARTE regained consciousness, he discovered he was handcuffed to a hospital bed.

33. Defendant THOMS and Deputy A. Holmes would not release RODARTE or allow him to make a phone call until he signed a confession prepared by Defendant THOMS.

34. Defendant THOMS placed RODARTE under arrest and had Deputy Holmes cite RODARTE for PC 148(a) (1)-obstructing a peace officer.

35. On July 9, 2013, the Office of the District Attorney declined to initiate prosecution of RODARTE.

36. On July 19, 2013, California Court Judicial Officer Kevin Murphy ordered the return of RODARTE's house and car keys.

37. On August 1, 2013, RODARTE presented a claim for damages to the Board of Supervisors of Alameda County. On November 25, 2013, the COUNTY representative denied RODARTE's claim for damages.

38. Defendants COUNTY and AHERN did not investigate or discipline Defendants Sgt. KELLY or deputy THOMS for improperly deploying service dog Zina to apprehend RODARTE in order to conduct a field interview contact.

39. Defendants COUNTY and AHERN had a policy or custom of allowing their officers to deploy service dogs in circumstances where innocent third parties or bystanders may be in harm's way.

40. Defendants COUNTY and AHERN failed to properly train, supervise, monitor and control deputy sheriffs regarding the proper use of the dogs. Defendant COUNTY and AHERN ratified Defendant Sgt. KELLY and Deputy THOMS conduct and decisions by failing to take remedial steps after the incident and failing to adequately discipline Sgt. KELLY and Deputy THOMS.

**DAMAGES**

41. As a direct, legal, and proximate result of Defendants' acts and omissions alleged herein, RODARTE sustained significant medical expenses, physical pain,

disfigurement, emotional distress and violation of his constitutional rights. RODARTE lost his job due to the injury.

42. As a direct, legal, and proximate result of Defendants' acts and omissions alleged herein, RODARTE seeks all damages and remedies allowable pursuant to law.

43. Plaintiff has engaged counsel to vindicate his rights. He is therefore entitled to recover all attorneys' fees incurred in relation to this action.

44. The individual Defendants acted recklessly and intentionally with oppression and/or malice, which justifies the imposition of punitive and exemplary damages.

## FIRST CAUSE OF ACTION
## Violation of Fourth and Fourteenth Amendments
## (42 U.S.C. § 1983 – Against Sgt. KELLY and THOMS for Unwarranted Seizure)

45. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

46. Defendants' above-described conduct violated the Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unwarranted seizure.

## SECOND CAUSE OF ACTION
## Violation of Fourth and Fourteenth Amendments
## (42 U.S.C. § 1983 – Against Sgt. KELLY AND THOMS for Unnecessary, Disproportionate, and Excessive Force)

47. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

48. Defendants' above-described conduct violated RODARTE's right as provided for under the Fourth Amendment to the United States Constitution to be free from unnecessary, disproportionate, excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

**THIRD CAUSE OF ACTION**
**Violation of Fourth and Fourteenth Amendments**
**(42 U.S.C. § 1983 – Against THOMS for Unlawful Arrest)**

49. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

50. Defendants' above-described conduct, wherein it is alleged the Defendant Officers detained RODARTE without reasonable suspicion, violated his right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful arrest.

**FOURTH CAUSE OF ACTION**
**Violation of Fourth and Fourteenth Amendments**
**(42 U.S.C. § 1983 – *MONELL* against COUNTY and Supervisor Liability against AHERN in his Individual Capacity)**

51. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

52. Plaintiff asserts this claim against Defendant COUNTY, under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and Defendant AHERN, in his individual supervisory capacity, under *Larez v. City of Los Angeles*, 946 F.2d 630, 648 (9th Cir. 1991) as committing the injuries alleged above.

53. The policies, customs, regulations, practices, acts, and omissions, of Defendant COUNTY regarding the use of service dogs, and subjecting people to excessive force, were the moving and causative force behind the violations of constitutional rights and the resulting damages suffered by Plaintiff.

54. The seizure and attack on Plaintiff stemmed from a policy of allowing the improper use of service dogs, which are a form of deadly force, in circumstances where innocent third parties or bystanders may be in harm's way. Plaintiff is informed and believes, and thereon alleges, that Defendants have subjected other individuals besides Plaintiff to excessive force, including but not limited to the misuse of service dogs, as evidenced in part in other litigation and/or reporting.

55. Further, Defendants' adoption, ratification, and approval of the

misconduct of Defendants Sgt. KELLY and deputy THOMS, as alleged herein, were the moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Plaintiff.

56. The COUNTY and AHERN's additional failure to properly train, supervise, monitor, retain and control Alameda County Sheriff's Office Sergeant and deputies regarding: 1) the proper use of service dogs; 2) proper tactical conduct and decision making for a field interview contact and; 3) the proper use of force, and these Defendants' failure to adequately discipline those deputies involved in misconduct, were the moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Plaintiff.

57. Defendants knew or should have known that their acts and omissions were likely to result in a violation of the Fourth and Fourteenth Amendment rights of innocent persons.

58. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, or reckless disregard, Plaintiff suffered economic and noneconomic damages as set forth herein.

## FIFTH CAUSE OF ACTION
## Assault and Battery
## (Against COUNTY, Sgt. KELLY AND THOMS)

59. Plaintiff hereby incorporates preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

60. Defendants, acting within the course and scope of Alameda County Sheriff's Office employment, caused Plaintiff to be assaulted through threats of non-consensual, harmful contact that service dog Zina had the apparent ability to cause.

61. Defendants also intentionally caused Plaintiff to be subjected to non-consensual, non-privileged, offensive biting and mauling, constituting battery upon his body, and causing severe bodily injury.

62. Plaintiff did not consent to the conduct, and a reasonable person in

Plaintiff's situation would have been offended by the conduct.

63. Defendants' actions were the direct, natural and probable cause, consequence and substantial factor in causing harm to Plaintiff.

64. Defendants' acted with fraud, oppression, and/or malice, which justify the imposition of punitive and exemplary damages.

65. The acts and/or omissions of Plaintiff, and each of them, as alleged herein occurred in the course and scope of their employment with the ALAMEDA COUNTY Sheriff's Office, which is liable for its employees' acts/or omissions pursuant to California Government Code § 815.2 under the doctrine of respondeat superior.

**SIXTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against COUNTY, Sgt. KELLY AND THOMS)**

66. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

67. Defendants engaged in extreme, unreasonable, and outrageous conduct with the intention of causing, or with reckless disregard to the foreseeable risk of causing, extreme emotional distress to Plaintiff.

68. Plaintiff in fact suffered severe and extreme emotional distress, physical injuries, medical and related expenses, and Defendants' conduct was a substantial factor is causing Plaintiff's severe emotional distress.

69. Defendants acted with fraud, oppression, and/or malice, which justify the imposition of punitive and exemplary damages.

70. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the Alameda County Sheriff's Office, and the Sheriff's Office is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of respondeat superior.

**SEVENTH CAUSE OF ACTION**
**Violation of California Civil Code § 52.1**
**("Tom Bane Civil Rights Act"- Against COUNTY, Sgt. KELLY AND THOMS)**

71. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

72. Defendants' interfered or attempted to interfere by threats, intimidation, or coercion, and by committing violent acts, with Plaintiff's exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the State of California, including but not limited to Plaintiff's right to be secure in his person from unreasonable searches and seizures under both the Fourth Amendment to the United States Constitution and Article 1, section 13 of the California Constitution, and the right to enjoy and defend life and liberty, and pursue and obtain safety, happiness and privacy, as secured by Article 1, section 1 of the California Constitution.

73. Plaintiff reasonably believed that if he exercised said rights, Defendants would commit violence against him; in fact, Defendants retaliated against Plaintiff for having exercised said rights.

74. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

75. Defendants acted with fraud, oppression, and/or malice, which justify the imposition of punitive and exemplary damages.

76. Plaintiff is further entitled to treble damages, civil penalties, attorneys' fees, and all other damages allowed by California Civil Code § 52.

77. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the Alameda County Sheriff's Office, and the County is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of respondeat superior.

**EIGHT CAUSE OF ACTION**
**Negligence *Per Se***
**(California Civil Code § 3342 - Against All Defendants)**

78. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

79. The COUNTY and the individual Defendants, owned, possessed, harbored, cared for, entrusted, controlled or otherwise were legally responsible for the service dog known as Zina.

80. Plaintiff was not a party to, nor a participant in, nor suspected to be a party to or a participant in, the act or acts that prompted the use of the dog in the Sheriff's work.

81. Plaintiff did not provoke the above described dog attack or contribute in any manner to Plaintiff's injuries.

82. Plaintiff was lawfully on private property as a tenant.

83. Defendant COUNTY's dog was a substantial factor in causing Plaintiff's harm.

84. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the COUNTY, which is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of respondeat superior.

**NINTH CAUSE OF ACTION**
**Negligence**
**(California Government Code § 815.2(a) -Against All Defendants)**

85. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

86. As of March 23, 2013 Defendants owned, possessed, harbored, cared for, entrusted, controlled or otherwise were legally responsible for service dog Zina.

87. Prior to March 23, 2013, Defendants knew or should have known that service dog Zina was unfit and dangerous, and was likely to bite people because of the

dog's training and experience.

88. Prior to March 23, 2013, Defendants COUNTY and AHERN knew that Defendants Sgt. KELLY and Deputy THOMS were unfit and incompetent to perform the work of being K-9 handlers.

89. Defendants COUNTY and AHERN, and each of them, knew, or should have known, that service dog Zina and Defendants Sgt. KELLY and Deputy THOMS were unfit or incompetent to perform the work of being K-9 handlers, and that the unfitness or incompetence created a particular risk to innocent bystanders.

90. Service dog Zina and Defendants Sgt. KELLY and Deputy THOMS' unfitness or incompetence harmed Plaintiff.

91. Defendants owed Plaintiff a duty to act with due care in their tactical conduct and decision leading up to the use of force to avoid unnecessary or unjustified harm.

92. Defendants were negligent.

93. Defendants COUNTY's and AHERN's negligence in hiring, supervising, or retaining Defendants Sgt. KELLY and THOMS was a substantial factor in causing Plaintiff's harm.

94. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

**PRAYER**

WHEREFORE, Plaintiff prays that the Court, as to all Defendants and each of them jointly and severally:

1) An award of special or economic damages sustained by Plaintiff including and without limitation for his past, present and future necessary and reasonable medical expenses, and wage loss he incurred and will incur, according to proof;
2) An award of general or noneconomic damages sustained by Plaintiff including, without limitation compensation for his past, present and future pain and suffering, according to proof;

3) An award of statutory damages, treble damages, and penalties pursuant to California Civil Code § 52(b);

4) An award of punitive and exemplary damages against the individual Defendants only, in an amount that is sufficient to punish and deter, according to proof;

5) Grant injunctive relief enjoining, pursuant to Federal law and California Civil Code § 52.1, Defendants COUNTY and AHERN from authorizing, allowing, or ratifying the practice by any deputy sheriff employee of the County of using service dogs in a manner that constitutes excessive or unreasonable force in a field interview contact;

6) Award Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1998; California Civil Code §§ 51.7, 52, 52.1; and California Code of Civil Procedure § 1021.5;Award pre- and post-judgment interest as permitted by law; and

Grant such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff.

DATED: January 29, 2014

Respectfully Submitted,

SIEGEL & YEE

By: ______________________
Jose Luis Fuentes

Attorney for Plaintiff
JUVENTINO RODARTE