GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
Oakland, CA 94607
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
COUNTY OF ALAMEDA, GREGORY J. AHERN, RAYMOND P. KELLY, and DEREK D. THOMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENTINO RODARTE,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY, GREGORY J. AHERN, Alameda County Sheriff, sued in his individual capacity, RAYMOND P. KELLY, Alameda County Deputy Sheriff's Sergeant sued in his individual capacity, DEREK D. THOMS, Alameda County Deputy Sheriff, sued in his individual capacity,<br><br>Defendants. | Case No.: CV 14-00468 KAW<br><br>**COUNTY OF ALAMEDA'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: January 31, 2014 |

COMES NOW defendant COUNTY OF ALAMEDA (hereafter "defendant") and for its answer to the plaintiff's "Complaint for Damages" answers as follows:

1. Answering the allegations of paragraphs 1, 2 and 3, these paragraphs contain legal conclusions, rather than factual allegations requiring a response by defendants. The County does not dispute that the allegations currently support jurisdiction and venue in this court.

2. Answering the allegations of paragraphs 4, defendant lacks sufficient information and belief upon which to admit or deny such allegations and on that basis denies those allegations.

3. Answering the allegations of paragraphs 5 through 8, defendant admits that it is a public entity, and admits that at the time of the incidents in this case defendants Ahern, Kelly and Thoms were employed by defendant, but the remainder of the allegations contain legal conclusions which require no response. To the extent the court disagrees, defendant denies any such legal conclusions if construed as factual allegations.

4. Answering the allegations of paragraph 9, defendant denies that it knew at the time of the incident that plaintiff resided in Apartment 17 of 1510 164th Avenue in San Leandro. Defendant does not recall the configuration of the apartment building located at the address above, but admits that there were at least two floors, and otherwise lacks sufficient information and belief upon which to admit or deny the remaining allegations and on that basis denies those allegations.

5. Answering the allegations of paragraph 10, defendant admits these allegations and furthermore alleges that, per the police report, Mr. Furtado also reportedly stated that he had heard a lot of movement outside of his apartment, that he was fearful of an intruder, and reportedly stated that someone had tried to break into his residence six months earlier.

6. Answering the allegations of paragraph 11, defendant denies these allegations as Mr. Furtado reported to police that he heard someone outside.

7. Answering the allegations of paragraph 12, defendant admits these allegations.

8. Answering the allegations of paragraph 13, defendant admits that defendant Thoms had his service dog, Zina, on a six foot lead when he searched the apartment for the believed intruder reported by Mr. Furtado. Defendant lacks sufficient information or belief to admit the remainder of the allegations in this paragraph, and so denies those allegations, inasmuch as two exterior gates, one of which was near Mr. Furtado's apartment, were noticed to be ajar that evening (even though, reportedly, they were not supposed to be and/or were closed earlier), and defendant is unsure which gate plaintiff is alleging police entered the apartment complex through in search of the believed intruder.

9. Answering the allegations of paragraph 14, defendant admits that officers checked the first floor of the apartment building for the believed intruder before moving to the second floor, but defendant currently lack sufficient information or belief to admit or deny the remaining

allegations in this paragraph and on that basis denies these allegations.

10. Answering the allegations of paragraph 15, defendant admits that defendant Thoms and Kelly and another officer walked up the stairs to the second floor with service dog Zina on leash on the night of the incident, and denies any remaining allegations in this paragraph.

11. Answering the allegations of paragraph 16, defendant admits that a person, later identified as defendant, was sitting on the floor in front of apartment 17 with his knees bent into his chest, his head bent, and with his hands (and any objects in his hands) and head concealed underneath a hood, and denies the remaining allegations of this paragraph.

12. Answering the allegations of paragraph 17, defendant currently lacks sufficient information or belief as to the exact distance between the top of the second floor steps and the location where plaintiff was seated, and so denies the allegations in this paragraph.

13. Answering the allegations of paragraphs 18 and 19, defendant lacks sufficient knowledge or belief as to what plaintiff saw or felt at the time described in this paragraph, inasmuch as plaintiff said nothing at the time in response to the officers' verbal statements, and on that basis denies the remaining allegations.

14. Answering the allegations of paragraph 20, defendant admits these allegations.

15. Answering the allegations of paragraph 21, defendant denies these allegations in that the officers' next move was not to "command[]" service dog Zina to "apprehend" plaintiff.

16. Answering the allegation of paragraphs 22 ad 23, defendant admits that, after identifying themselves as police officers, when plaintiff failed to respond to or acknowledge the officers' repeated commands to show his hands, which commands continued for over a minute, the command was issued to Zina to apprehend plaintiff and Zina bit plaintiff on the left shin below the knee.

17. Answering the allegations of paragraph 24, defendant lacks information or belief as to what plaintiff felt at the time described in this paragraph, and so denies those allegations, and denies that plaintiff lost consciousness inasmuch as he was observed thereafter to begin to violently thrash about as the officers commanded him to place his hands behind his back.

18. Answering the allegations of paragraphs 25 and 26, defendant admits that deputy

Nelson moved in to handcuff plaintiff, and thereafter service dog Zina was commanded to release her bite, which she immediately did.

19. Answering the allegations of paragraph 27, defendant admits that it was only after plaintiff was handcuffed that officers discovered the metal object hidden in plaintiff's hands that plaintiff failed to show officers in response to their repeated commands was keys, and not a weapon.

20. Answering the allegations of paragraph 28, defendant denies the allegations of this paragraph; plaintiff was treated by paramedics at the scene and then additionally taken to the hospital for care.

21. Answering the allegations of paragraph 29, some statements in this paragraph constitute legal conclusions which require no response, and as to any factual allegations, defendant denies that no crime had been reported, and that the officers were present for reasons other in response to a third party's report that a crime might be in the process of being attempted or committed.

22. Answering the allegations of paragraph 30, defendant denies that the use of service dog Zina was an "attack" but admits the remaining allegations.

23. Answering the allegations of paragraph 31, defendant admits these allegations.

24. Answering the allegations of paragraph 32, defendant denies on information and belief the allegations of these paragraphs.

25. Answering the allegations of paragraph 33, defendant denies these allegations.

26. Answering the allegations of paragraphs 34, 35 and 36, defendant admits that plaintiff was cited and released in the field for violation of P.C. 148(a)(1), and lacks current information or belief as to the remaining allegations in these paragraphs.

27. Answering the allegations of paragraph 37, defendant admits (without waiving its right to assert any legal challenges regarding this claim) that a claim form was submitted to the County of Alameda on August 1, 2013, and that a letter was sent regarding the claim on November 25, 2013, but denies the remaining allegations of this paragraph, and specifically denies any legal conclusions that may be asserted in this paragraph.

28. Answering the allegations of paragraphs 38, 39, and 40, defendant responds that this paragraph contains legal conclusions which they dispute and which do not require a response, and further respond that any factual allegations contained therein are denied.

29. Answering the allegations of paragraphs 41 through 44, 46, 48, 50, 52 through 58, 60 through 65, 67 through 70, 72 through 77, 80 through 84, 86 through 94, defendants asserts that each paragraph contains or consists of legal conclusions which are disputed and which do not require a response. To the extent a court finds any factual allegations in these paragraphs, defendant either denies them or lacks information or belief as to any factual allegations and so on that basis denies them.

30. Answering the allegations of paragraphs 45, 47, 49, 51, 59, 66, 71, 78, and 85, these allegations incorporate by reference the allegations of certain other paragraphs set forth in the complaint, and so defendants respond by incorporating by reference its answers to those individual paragraphs referenced therein. Should the court determine that some other response is required, defendants on information and belief deny the allegations of these paragraphs.

31. Answering the allegations of paragraphs 79, and 86, defendant admits that service dog Zina is a police dog owned and/or utilized by the County, but otherwise denies the remaining allegations of these paragraphs.

**SEPARATE AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that the complaint fails to state claims upon which relief can be granted.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant is informed and believes and thereon alleges that plaintiff was negligent in and about the activities alleged in the complaint; that said negligence contributed and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against defendant, then defendant prays

that the recovery be diminished or extinguished by reason of the negligence of plaintiff in proportion to the degree of fault attributable to plaintiff.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that plaintiff's claims are barred by the provisions of the Eleventh Amendment to the United States Constitution.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that the complaint, and each cause of action therein, is barred because any detention, search and/or seizure of plaintiff by defendants or any of them was supported by probable cause and was otherwise lawful, constitutional privileged and justified.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that it had legal justification for all actions and omissions alleged in said complaint and therefore the complaint and each and every cause of action therein is barred.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant is informed and believes and thereon alleges that the complaint and each and every cause of action therein is barred because plaintiff failed to mitigate his damages, if any there were.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that any or all of its employees and/or agents is immune from any liability and protected against the burden of litigation under the doctrine of qualified immunity and the common law and statutory immunities protecting peace officers, correctional officers, prosecutors and public officials, including without limitation those set forth in Government Code sections 815, 815.2, 815.4, 818, 818.2, 818.7, 818.8, 820, 820.2, 820.21,

820.4, 820.6, 820.8, 821, 821.6, 822.2, 844.6, 845.2, 845.4, 845.6, 845.8, and 846.

AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that it is immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code and by the decision of the United States Supreme Court in *Newport v. Fact Concert, Inc.*, 453 U.S. 247.

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that its agents and/or employees were at all times acting without malice, fraud or oppression, and in good faith and therefore are entitled to immunity from suit.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that at all times mentioned in the Complaint, each defendant performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that at all times material to this action, each defendant had reasonable cause to act and acted properly in valid law enforcement activities.

AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant alleges that at all times relevant to plaintiff's complaint herein, plaintiff knowingly, voluntarily and willingly consented to the search of his property and person, if, in fact, any such search was performed.

AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant is informed and believes and thereon alleges that plaintiff

was comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, and each defendant prays that any and all damages sustained by said plaintiff be reduced by the percentage of his negligence.

WHEREFORE, this answering defendant prays as follows:

1. That plaintiff takes nothing by of his complaint and that this answering defendant be dismissed hence;

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems fit and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial in this matter.

DATED: February 24, 2014

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

/s/ Jill P. Sazama
By: ______________________________
JILL P. SAZAMA, ESQ.
Attorneys for Defendants
COUNTY OF ALAMEDA,
GREGORY J. AHERN, RAYMOND
P. KELLY, and DEREK D. THOMS

27382/642307

**CERTIFICATE OF SERVICE-ELECTRONIC CASE FILING**
(28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, I caused a copy of **COUNTY OF ALAMEDA'S ANSWER TO COMPLAINT FOR DAMAGES**, and **DEMAND FOR JURY TRIAL** be served electronically to the following parties as required by the Court's Order Electronic Case Filing (ECF) Program:

Dan Siegel, Esq.
Jose Luis Fuentes, Esq.
SIEGEL & YEE
499 14th Street, Suit 300
Oakland, CA 94612
Telephone: 510-839-1200
Facsimile: 510-444-6698

**Attorneys for Plaintiff**
JUVENTINO RODARTE

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Oakland, California, on February 24, 2014.

Carmen Kalt
CARMEN KALT

27382\642307