United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUVENTINO RODARTE,

Plaintiff,

v.

ALAMEDA COUNTY, et al.,

Defendants.

Case No. 14-cv-00468-KAW

**ORDER DENYING MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT**

Re: Dkt. No. 78

Plaintiff Juventino Rodarte moves for leave to amend the scheduling order entered in this case and for leave to file an amended complaint. Defendants Alameda County, Gregory Ahern, Derek Thoms, and Raymond Kelly oppose the motion. The Court finds this matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the September 17, 2015 hearing. Having considered the papers filed by the parties and the relevant legal authority, the Court DENIES the motion for the reasons set forth below.

## I. BACKGROUND

On January 30, 2014, Plaintiff filed his complaint, asserting: (1) a § 1983 claim for violation of his Fourth Amendment right to be free from unwarranted seizure; (2) a § 1983 claim for violation of his Fourth Amendment right to be free from excessive force; (3) a § 1983 claim for violation of his Fourth Amendment right to be free from unlawful arrest; (4) a claim under § 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) based on (a) an alleged policy or custom of allowing officers to deploy service dogs in circumstances where innocent third parties or bystanders could be in harm's way, (b) an alleged failure to properly train, supervise, monitor, and control deputy sheriffs' proper use of service dogs, and (c) an alleged ratification of officers Kelly's and Thoms' conduct and

decision-making by failing to take remedial measures and by failing to adequately discipline them;[1] (5) assault and battery; (6) intentional infliction of emotional distress; (7) violation of the Tom Bane Civil Rights Act, California Civil Code section 52.1; (8) negligence per se based on California Civil Code section 3342, and (9) negligence.  (Compl. ¶¶ 45-46, ¶¶ 47-48, ¶¶ 49-50, ¶¶ 51-58, ¶¶ 59-65; ¶¶ 66-70, ¶¶ 71-77, ¶¶ 78-84, ¶¶ 85-94, Dkt. No. 1.)

The Court held an initial case management conference in this case on July 8, 2014. (Minute Entry, Dkt. No. 36.)  The next day, the Court issued a case management and pretrial order setting deadlines.  (Case Mgmt. & Pretrial Order, Dkt. No. 37.)  The last day to amend the pleadings was August 7, 2014.  (*Id.* at 8.)  The parties' joint pretrial statement is due September 15, 2015.  (*Id.*)  The pretrial conference is set for October 6, 2015, and trial is set to begin on October 19, 2015.  (*Id.*)

On June 26, 2015, Defendants moved for summary judgment, or in the alternative, partial summary judgment.  (Defs.' Mot. Summ. J., Dkt. No. 56.)  Plaintiff filed his opposition to the motion on July 10, 2015.  (Pl.'s Opp'n to Defs.' Mot. Summ. J., Dkt. No. 61.)  Defendants filed their reply on July 17, 2015.  (Defs.' Reply in Support of Mot. Summ. J., Dkt. No. 63.)  Pursuant to the Court's August 31, 2015 order requesting Plaintiff to file a sur-reply addressing certain issues raised for the first time in Defendants' reply brief, Plaintiff filed a sur-reply on September 7, 2015.  (Pl.'s Sur-Reply in Opp'n to Defs.' Mot. Summ. J., Dkt. No. 77.)  A hearing on the motion is currently set for September 17, 2015.

On September 8, 2015, Plaintiff filed a "Motion for Leave to Amend the Scheduling Order and Leave to File an Amended Complaint."  As stipulated by the parties, Defendants filed their opposition on September 15, 2015.  (Stip. & Order at 3, Dkt. No. 80; Defs.' Opp'n, Dkt. No. 82.)  Plaintiff elected not to file a reply in light of the expedited briefing schedule.  (Stip. & Order at 3, Dkt. No. 80.)  To accommodate the parties' expedited briefing schedule, the Court also approved the parties' stipulation to hear the motion on shortened time and set a September 17, 2015 hearing

---

[1] Plaintiff has captioned the first four claims as arising under the Fourth and Fourteenth Amendments.

date, which the Court now vacates.  (*Id.*)

## II.     LEGAL STANDARD

### A.     Motion for relief from scheduling order

Once the Court has set a deadline for amending the pleadings in a pretrial order and that deadline has passed, any request for leave to amend must first be evaluated under the "good cause" standard of Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1991); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  "If the court considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and modifications omitted).

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  In determining whether good cause exists, courts primarily consider the diligence of the party seeking the modification. *Id.* at 609; *see also Coleman*, 232 F.3d at 1294. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . .  If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.  If, however, the moving party has shown good cause under Rule 16(b), it must then demonstrate that its motion is also proper under Rule 15. *Johnson*, 975 F.2d at 608.

### B.     Motion for leave to file amended complaint

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The courts consider five factors when determining whether leave to amend should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990).  Not all factors carry equal weight. *Eminence Capital, LLC*, 316 F.3d at 1052.  Prejudice to the opposing party must be given the greatest

3

weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

### III.   DISCUSSION

Plaintiff moves for leave to amend the scheduling order entered in this case and for leave to file an amended complaint "to make small modifications to the factual allegations therein." (Pl.'s Mot. at 3.) Specifically, Plaintiff seeks to modify the complaint to allege that he was unaware of law enforcement's presence and did not see a dog's face or a knee prior to being bitten by the police K-9. He also wishes to omit any reference to loss of consciousness, "as that is a medical determination as opposed to his perception of his surroundings, which he was questioned about in his deposition." (*Id.*)

As a preliminary matter, the Court is unpersuaded by Plaintiff's contention that the proposed amendments "are necessary to ensure that the trial addresses the merits of the case and is not hindered by the technicalities of the pleadings." (Pl.'s Mot. at 3.) As the Ninth Circuit has explained:

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. . . . The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson*, 975 F.2d at 610 (citation and quotations omitted). The "small modifications" to the factual allegations proposed by Plaintiff are anything but mere technicalities. Indeed, the proposed modifications change the key allegations forming the basis for his claims.

The Court is equally unpersuaded by Plaintiff's arguments that he has made the requisite showing of good cause. Plaintiff commenced this action on January 30, 2014. The initial case management conference occurred on July 8, 2014. The Court issued its case management and pretrial order the next day. In that order, the Court set the deadline to amend the pleadings, August 7, 2014, among other dates. That deadline passed more than one year ago, and now, at this late juncture, Plaintiff seeks relief from that deadline based on information that he discovered at

4

least as early as February 17, 2015, when Plaintiff was deposed. (*See* Pl.'s Mot. at 6 ("Further, Plaintiff was not deposed by Defendants until February 17, 2015. The deposition espoused testimony that differed slightly from the factual allegations in the Complaint.").)

Plaintiff asserts that "the difference in the deposition testimony and the Complaint was inconsequential to the legal theories of the case because Plaintiff's causes of action do not require that he be alert before an unlawful arrest using excessive force occurs." (*Id.* at 7.) Not so. This is an oversimplification. Excessive force is determined based on the reasonableness of the officers' actions under the totality of the circumstances. *See Graham v. Connor,* 490 U.S. 386, 396-97 (1989). Plaintiff's allegations, as they appear in the operative complaint, indicate that he was alert at the time the officers deployed the K-9. These circumstances are much different from those Plaintiff wishes to introduce at this stage through the proposed modifications, i.e., that he was too intoxicated to respond to the officers' commands. In fact, the new allegations Plaintiff now proposes present an entirely different case.

He claims that "[t]he inconsistency in the allegation in his Complaint and its impact on Plaintiff's ability to argue the merits of his case became clear during summary judgment." Even if so, this does not explain Plaintiff's continued delay. Defendants filed the motion for summary judgment on June 26, 2015. Plaintiff filed his opposition on July 10, 2015. Defendants' reply has been on the docket since July 17, 2015. Still, Plaintiff waited nearly two months to bring the motion. This is not diligent.

Plaintiff also attempts to justify his untimely request based on his limited English proficiency. (Pl.'s Mot. at 4.) He asserts that he is unable to read in English and was thus unable to verify the complaint, which was written by his former attorney. (*Id.* at 7.) The Court notes, however, that while Plaintiff's former attorney has withdrawn, the same firm has represented Plaintiff throughout this litigation. (*See* Aug. 26, 2014 Order, Dkt. No. 43 ("This withdrawal will not cause any undue delay to the parties or to the Court in the ultimate resolution of this action, as Plaintiff has been and continues to be represented by Siegel & Yee through Daniel M. Siegel and Kevin Brunner.").) Thus, any discrepancies between Plaintiff's deposition testimony and the complaint should have been discovered long before the eve of trial.

Plaintiff has, therefore, failed to make the requisite showing of good cause. Consequently,

the Court need not address whether leave to amend should be granted under Rule 15.  *See Johnson*, 975 F.2d at 609.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: 09/15/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

6