UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUVENTINO RODARTE,

Plaintiff,

v.

ALAMEDA COUNTY, et al.,

Defendants.

Case No. 14-cv-00468-KAW

**ORDER DENYING MOTION FOR REVIEW OF TAXATION OF COSTS**

Re: Dkt. No. 122

Before the Court is Plaintiff's motion for review of taxation of costs. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the papers filed by the parties and the relevant legal authority, the Court DENIES Plaintiff's motion for the reasons set forth below.

**I.   BACKGROUND**

On September 24, 2015, the Court granted Defendants' motion for summary judgment in this § 1983 case. (Sept. 24, 2015 Order, Dkt. No. 108.) On October 7, 2015, Defendants filed a bill of costs for $10,097.81. (Bill of Costs, Dkt. No. 110.) Plaintiff filed his objections to the bill of costs on October 21, 2015.[1] (Pl.'s Objections, Dkt. No. 114.) On October 27, 2015, Defendants filed a reply to Plaintiff's objections, along with a supporting declaration from their attorney, Gregory B. Thomas. (Defs.' Reply, Dkt. No. 117; Thomas Decl., Dkt. No. 118). On November 24, 2015, the Clerk taxed costs in the amount of $8,770.26. (Dkt. No. 121.)

---

[1] Plaintiff's objections do not indicate that he complied with the meet and confer requirement set forth in Civil Local Rule 54-2(b) ("Any objections filed under this Local Rule must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference.").

Plaintiff's timely motion for review of taxation of costs followed on December 1, 2015. (Pl.'s Mot., Dkt. No. 122.) Defendants filed their opposition on December 14, 2015, along with a request for judicial notice. (Defs.' Opp'n, Dkt. No. 125, Defs.' RJN, Dkt. No. 126.) Plaintiff filed his reply on December 21, 2015. (Pl.'s Reply, Dkt. No. 127.)

## II.       LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). "It is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of So. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995)).

The Ninth Circuit has recognized the following as appropriate reasons for denying costs: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants." *Champion Produce, Inc.*, 342 F.3d at 1022. Consideration of other factors, such as whether the issues in the case were close and difficult, whether the prevailing party's recovery was nominal or partial, whether the losing party litigated in good faith, and whether the case presented a landmark issue of national importance is also appropriate. *Champion Produce, Inc.*, 342 F.3d at 1022 (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)).

A court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley*, 335 F.3d at 945. A court, however, must "specify reasons" for refusing to tax costs against the losing party. *Id.* In that instance, the court "deviates from normal practice . . . and that deviation triggers the requirement to 'specify reasons'" that "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id.*; *Champion Produce, Inc.*, 342 F.3d at 1022 (quoting *Ass'n of Mexican-Am.*

2

*Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000)).

## III.  DISCUSSION

Plaintiff argues that the Court should re-tax costs based on his limited financial means, the disparity between the financial status of the parties, and the risk that taxing costs in this case could potentially chill future civil rights litigation. (Pl.'s Mot. at 2.) Defendants urge the Court to disregard the instant motion because it merely rehashes Plaintiff's earlier objections to Defendants' bill of costs. (Defs.' Opp'n at 1, 7.) They also ask that the Court "uphold its earlier order." (*Id.* at 7.) It is function of the Clerk, not the Court, to tax costs, and once the Clerk performs that function, Federal Rule of Civil Procedure 54(d) authorizes a motion for review of taxation of costs. Fed. R. Civ. P. 54(d) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). As Plaintiff notes in his reply, he properly brings the instant motion pursuant to that rule. (Pl.'s Reply at 2, 3.) Defendants' position on this issue is, therefore, unavailing. Nonetheless, as discussed below, Defendants' remaining arguments are persuasive in that Plaintiff has failed to establish that a departure from the presumption in favor of awarding costs to a prevailing party is warranted.

Plaintiff states that he is the sole provider for his four young children and his putative spouse, who does not work. (Pl.'s Mot. at 3, 4.) He also states that in 2014, while working in the same position he has now, his annual gross income was approximately $72,000. (*Id.* at 3.) Plaintiff, however, has not filed a declaration or provided any financial documentation that shows he would be rendered indigent if he were required to pay the taxed costs. Many families of similar size, if not larger, manage on much less than a gross annual income of $72,000.[2]

In light of this, Plaintiff has not met his burden of overcoming the presumption in favor of taxing costs, as he has not demonstrated that his financial resources are limited or so meager that

---

[2] Defendants note that Plaintiff's gross annual income is more than double the 2015 Federal Poverty Level Threshold for a six-person household, which is $32,570.00. Defs.' Opp'n at 5. In his reply, Plaintiff does not contest that his income is above this threshold, but he asks that the Court instead rely on local and state income guidelines. Pl.'s Reply at 3, 4. He contends that if costs were taxed against him, he would be left with approximately $63,230 to support his family, which would fall between "low income" and "very low income." *Id.* at 4. Even so, Plaintiff has not shown that taxing costs in this case would leave him indigent.

3

taxing costs against him would leave him indigent or have a chilling effect on future civil rights litigation.[3] *See Glauser v. GroupMe., Inc.*, No. C 11-2584 PJH, 2015 WL 2157342, at *3 (N.D. Cal. May 7, 2015) ("While the 'chilling effect' of costs awards is a valid concern, plaintiff has shown no reason to apply that rationale in a case where plaintiff has offered no evidence of his financial condition. Overall, the court finds no basis upon which to depart from the presumption in favor of awarding costs."). *See also Fowler v. Cal. Highway Patrol*, No. 13-cv-01026-TEH, 2014 WL 3965027, at * 6 (N.D. Cal. Aug. 13, 2014) (losing party's argument that her financial resources were scarce did not overcome presumption where she presented no admissible evidence and taxation of $12,287.22 in costs would not have chilling effect on future civil rights litigation). *Cf. Stanley*, 178 F.3d at 1080 (taxation of $46,710.97 in costs against unemployed party could chill civil rights litigation).

Nor is the disparity between the financial condition of each party so great that a departure from the presumption of awarding costs is appropriate. As Defendants argue, the two cases Plaintiff cites in support of his argument on this point are inapposite. In *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000), the Ninth Circuit held that the district court did not abuse its discretion when it declined to award costs to the defendants where, among other things, the case was extraordinarily important, the plaintiffs were a group of individuals and nonprofit organizations with limited resources, and the costs were extraordinarily high, i.e., $216,443.67. In *Mansourian v. Board of Regents of the University of California at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008), the court declined to award $32,353.85 in costs to the prevailing party, in part because the plaintiffs were students and recent graduates with significant student debt and little income. Here, Plaintiff's circumstances do not resemble those of the losing parties in either of the cases he relies on, and Defendants have only been awarded a modest amount of costs, i.e., $8,770.26.

---

[3] In his reply, Plaintiff relies on *Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 661 (E.D. Cal. 2009), a case in which the court determined that requiring payment of $3,798.09 in costs would be inequitable and have a chilling effect on future civil rights litigation. There, the plaintiff advanced a compelling argument that he was indigent and offered evidence in support of that argument. *See id.* As discussed above, no such showing has been made in this case.

4

Courts have routinely awarded costs within range of what Defendants seek here. *See, e.g.*, *Glauser*, 2015 WL 2157342, at *3 (awarding costs in the amount of $7,436.03); *Fowler*, 2014 WL 3965027, at * 6 (directing Clerk to tax $12,287.22 in costs); *Estate of Le Blanc v. City of Lindsay*, CV-F-04-5971-DLB, 2007 WL 2900515, at *3 (E.D. Cal. Sept. 28, 2007) (taxing costs in the amount of $8,460.21); *Sorgen v. City & Cty. of San Francisco*, No. 05-CV-03172 TEH, 2007 WL 521235, at *3-4 (N.D. Cal. Feb. 15, 2007) (defendants entitled to $4,987 in costs). In this case, then, an award of $8,770.26 in costs is appropriate, and the Court will not disturb the Clerk's taxation of costs in that amount.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for review of taxation of costs is DENIED.

**IT IS SO ORDERED.**

Dated: 12/22/15

_____
KANDIS A. WESTMORE
United States Magistrate Judge

5